**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4593**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOSEPH DEE JACOBS, a/k/a Weezo,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Joseph F. Anderson, Jr., Senior
District Judge.  (3:14-cr-00667-JFA-18)

_____

Submitted:  July 28, 2016              Decided:  August 1, 2016

_____

Before  MOTZ  and  HARRIS,  Circuit  Judges,  and  DAVIS,  Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Jessica  Salvini,  SALVINI  &  BENNETT,  LLC,  Greenville,  South
Carolina,  for  Appellant.    John  David  Rowell,  Assistant  United
States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Dee Jacobs appeals his conviction and 188-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 846 (2012). On appeal, Jacobs' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the Government breached the plea agreement in declining to move for a downward departure and whether the district court imposed an unreasonable sentence. Jacobs was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. For the reasons that follow, we affirm.

Jacobs first asserts that the Government breached its obligations under the plea agreement by failing to move for a downward departure based on substantial assistance. Because Jacobs did not raise this argument in the district court, we review the issue for plain error. Puckett v. United States, 556 U.S. 129, 133-34 (2009); see Henderson v. United States, __ U.S. __, 133 S. Ct. 1121, 1126-27 (2013) (describing standard). A defendant alleging a breach has the burden to prove by a preponderance of the evidence that the Government breached the

2

plea agreement.  United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991).

The plain language of Jacobs' plea agreement obligated the Government to move for a downward departure only if it deemed Jacobs' cooperation as substantial assistance in the investigation or prosecution of another person.  Because defense counsel candidly admitted at sentencing that Jacobs' cooperation had not arisen to the level of substantial assistance, and the record provides no basis to conclude otherwise, we find no breach of the plea agreement.

Jacobs' counsel also questions whether the district court imposed an unreasonable sentence.  We review Jacobs' sentence for reasonableness, applying "a deferential abuse-of-discretion standard."  Gall v. United States, 552 U.S. 38, 46 (2007).  We first ensure that the court "committed no significant procedural error," such as improper calculation of the Sentencing Guidelines, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed.  United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (internal quotation marks omitted).  If we find the sentence procedurally reasonable, we also review its substantive reasonableness under "the totality of the circumstances."  Gall, 552 U.S. at 51.  We presume that a within-Guidelines is substantively reasonable.  United States v. Louthian, 756 F.3d

3

295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Jacobs bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

Our review of the record indicates that Jacobs' sentence is reasonable. The court properly calculated the applicable Sentencing Guidelines range, considered the parties' sentencing arguments, and provided a reasoned explanation for the sentence it imposed, expressly grounded in various § 3553(a) factors. The court specifically considered Jacobs' request for a downward departure or variance but reasonably declined to sentence him below the Guidelines range, concluding that such a reduction was unwarranted based on the nature and circumstances of the offense—including the substantial benefit Jacobs had received by pleading to a lesser included offense—and in order to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1), (6). Further, Jacobs fails to rebut the presumption of substantive reasonableness accorded his within-Guidelines sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jacobs, in writing, of the right to petition the Supreme Court of the United States for

4

further review.  If Jacobs requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jacobs.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED